IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01578–CMA–KMT

KENNETH R. DAVIDSON,

    Plaintiff,

v.

BANK OF AMERICA N.A., and
GREEN TREE SERVICING LLC,

    Defendants.

## ORDER

This matter is before the court on "Defendant Bank of America, N.A.'s Motion to Quash Service of Process." (Doc. No. 19, filed Aug. 20, 2014.) Plaintiff's "Response and Objection to Motion to Quash and Entry for Final Default Judgment with Prejudice (Proposed) and Non Compliance of D.C.Colo.LCivR 7.1(a)" was filed on August 22, 2014 (Doc. No. 21) and Defendant Bank of America, N.A.'s ("Bank of America") Reply was filed on August 29, 2014 (Doc. No. 22). For the following reasons, Bank of America's Motion to Quash is DENIED.

**PROCEDURAL BACKGROUND**

Plaintiff's Complaint, filed June 4, 2014, asserts claims against Bank of America and Green Tree Servicing LLC. (*See* Doc. No. 1.) On June 11, 2014, Plaintiff filed an Affidavit of Service indicating that the Complaint and Summons were served on Bank of America on June 9, 2014. (Doc. No. 5.) After Bank of America failed to file an answer on or before June 30, 2014, Plaintiff moved for an entry of default against Bank of America. (Doc. No. 7.) The Clerk of

Court entered default against Bank of America on July 10, 2014 (Doc. No. 10) and Plaintiff moved for default judgment against Bank of America on July 18, 2014 (Doc. No. 11). Plaintiff's Motion for Default is currently pending before this court.

In its Motion to Quash, Bank of America argues that Plaintiff failed to effectuate proper service upon it under Federal Rule of Civil Procedure 4 and that, as a consequence, the court should quash service of process, pursuant to Federal Rule of Civil Procedure 12(b)(5). Additionally, based on the purported deficiencies in service, Bank of America seeks to have the court vacate the default entered against it and deny Plaintiff's Motion for Default Judgment.

## LEGAL STANDARD

A court may dismiss a case pursuant to Rule 12(b)(5) for insufficient service of process. "Effectuation of service is a precondition to suit . . . ." *Jenkins v. City of Topeka,* 136 F.3d 1274, 1276 (10th Cir. 1998). Without proof of service, the court lacks personal jurisdiction over the defendant. *Hukill v. Okla. Native American Domestic Violence Coalition,* 542 F.3d 794, 797 (10th Cir. 2008). However, where service is insufficient, but curable, the court generally should quash the service and give the plaintiff an opportunity to re-serve the defendant. *Pell v. Azar Nut Co., Inc.,* 711 F.2d 949, 950 (10th Cir. 1983).

A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Meyers v. Pfizer, Inc.,* No. 13-cv-01508-WJM-CBS, 2014 WL 1598723, at *2 (D. Colo. Apr. 21 2014) (quoting 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE 3D § 1353). In opposing a Rule 12(b)(5) motion for insufficient service of process, a "plaintiff bears the burden to make a *prima facie* case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal

jurisdiction over [the] defendant." *Fisher v. Lynch,* 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008); *see also Light v. Wolf,* 816 F.2d 746, 751 (D. C. Cir. 1987) (a plaintiff must demonstrate that "the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.")

"A signed return of service constitutes *prima facie* evidence of valid service, which can 'be overcome only by strong and convincing evidence.'" *O'Brien v. R.J. O'Brien & Assocs.,* 998 F.2d 1394, 1398 (7th Cir. 1993) (quoting *Hicklin v. Edwards,* 226 F.2d 410, 414 (8th Cir. 1955)); *Home-Stake Prod. Co. v. Talon Petroleum, C.A.,* 907 F.2d 1012, 1017 (10th Cir. 1990) (signed return of service is *prima facie* evidence of service). "Objections to the sufficiency of process 'must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized.'" *O'Brien v. R.J. O'Brien & Assocs.,* 998 F.2d 1394, 1400 (7th Cir. 1993) (quoting *Photolab Corp. v. Simplex Specialt2y Co.,* 806 F.2d 807, 810 (8th Cir. 1986)). Any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. *FDIC v. Oaklawn Apartments,* 959 F.2d 170, 174 (10th Cir. 1992).

## ANALYSIS

Federal Rule of Civil Procedure 4(h) governs service of process on a business entity, such as Bank of America. In pertinent part, Rule 4(h) provides:

> [A] domestic or foreign corporation , or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) In a judicial district of the United States:
>     (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>     (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; . . . .

Fed. R. Civ. P. 4(h).

Here, Plaintiff has filed a signed affidavit of service indicating that a process server effectuated service of Bank of America by serving Gary Fitch, Bank of America's Legal Department Manager. (Doc. No. 5.) Because this return of service constitutes *prima facie* evidence of valid service, the burden shifts to Bank of America to show, by strong and convincing evidence, that this service attempt was nevertheless invalid.

Bank of America has not submitted any argument, let alone evidence, suggesting that Mr. Fitch is not an officer, manager or general agent, or some other agent authorized by appointment or law to receive service of process. Instead, Bank of America asserts that Plaintiff may have sought to effect service in the State of Delaware because Bank of America's parent company, Bank of America Corporation, is a registered corporation in the State of Delaware. (Mot. ¶¶ 5-6.) How this renders service on Mr. Fitch defective is not readily apparent to this court.[1]

Bank of America also argues that the Affidavit of Service filed with the court was inadequate because it (1) fails to indicate the method of service employed, (2) does not include the name of the affiant who signed the Affidavit, and (3) fails to confirm that the summons and complaint were served, instead of just received. The court rejects Bank of America's second and third arguments; the Affidavit of Service plainly states that "Jason V. Kuczeriawenko . . . executed service" by delivering a copy of the complaint and summons to Mr. Fitch. (Doc. No. 5.) As to the third argument, the court is not convinced that service is rendered defective solely because the process server failed to check the box corresponding to the particular method of

---

[1] Bank of America also argues that "there is no evidence that the documents to be served were mailed to [it] as required by Fed. R. Civ. P. 4(h)(1)." However, Rule 4(h)(1) only requires that the complaint and summons be mailed to a corporate defendant when required by statute. *See* Fed. R. Civ. P. 4(h)(1). Bank of America has not pointed to any statute requiring that the complaint and summons also be sent by mail.

4

service employed. Indeed, even an outright failure to file an affidavit of service does not affect the validity of service. Fed. R. Civ. P. 4(l). [2]

Altogether, the court finds that Plaintiff has set forth *prima facie* evidence of service, which Bank of America has failed to rebut by strong and clear evidence. Therefore, it is

ORDERED that "Defendant Bank of America, N.A.'s Motion to Quash Service of Process" (Doc. No. 19) is DENIED.

Dated this 18th day of November, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[2] In its Reply, Bank of America also argues that Plaintiff has attached to his Response a new affidavit from the process server that contradicts the original Affidavit of Service. More specifically, Bank of America argues that the Affidavit of Service indicates that "Denver Attorney Services, LLC" effectuated service, whereas the new affidavit indicates that a separate Delaware company effectuated service. The court does not agree with Bank of America's reading of the Affidavit of Service. The Affidavit of Service does not state that Denver Attorney Services effectuated service; instead, it merely says that Plaintiff's request for service was "[r]eceived" by Denver Attorney Services. (*See* Doc. No. 5.) The new affidavit confirms that Denver Attorney Services originally received Plaintiff's request for service, but employed a Delaware company to actually serve Bank of America.