IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01578–CMA–KMT

KENNETH R. DAVIDSON,

    Plaintiff,

v.

BANK OF AMERICA N.A., and
GREEN TREE SERVICING LLC,

    Defendants.

---

# ORDER

---

This case comes before the court on Plaintiff's "Motion for Entry of Defendant Judgment and Supporting Memorandum for Final Orders to Award Relief" (Doc. No. 11, filed July 18, 2014 [hereinafter "First Motion for Default Judgment"]), "Motion for Default Judgment in Part" (Doc. No. 16, filed Aug. 11, 2014 [hereinafter "Second Motion for Default Judgment"]) and "Motion to Strike Defendant Bank of America N.A.'s Answer to Complaint" (Doc. No. 28, filed Dec. 12, 2014),[1] as well as Defendant Green Tree Servicing LLC's ("Green Tree") "Amended

---

[1] This motion also includes a "Request for Summary Judgment for Default Request" and a request for "Cease and Desist Order against Greentree [sic] Servicing, LLC in the Rule 120 Hearing 2013CV 03922." (*See id* at 1.) However, although dubbed as a request for summary judgment, Plaintiff actually argues for an entry of default judgment against Bank of America, which has already been requested in his First and Second Motions for Default Judgment. With respect to the request for a "cease and desist order," the motion does not include any argument as to why the court should enter such an order. Further, Plaintiff has filed a separate motion entitled "Request for Cease and Desist Order against Greentree [sic] Servicing, LLC with Prejudice in Regards to Rule 120 Hearing 2013CV03922." (Doc. No. 29, filed Dec. 12, 2014.)

Motion to Set Aside Entry of Default and for Extension of Time to Respond to Complaint" (Doc. No. 14, filed Aug. 6, 2014.)

## PROCEDURAL HISTORY

Plaintiff initiated this action on June 4, 2014 by filing his Complaint. (Doc. No. 1 [Compl.].) On June 11, 2014, Plaintiff filed Affidavits of Service indicating that Green Tree had been served on June 5, 2014 (Doc. No. 4) and Defendant Bank of America, N.A. ("Bank of America") had been served on June 9, 2014 (Doc. No. 5). Accordingly the deadlines for Green Tree and Bank of America to answer or otherwise respond to Plaintiff's Complaint were June 26 and June 30, 2014, respectively. Fed. R. Civ. P. 12(a)(1)(A). Defendants failed to answer or otherwise respond to Plaintiff's Complaint by those dates.

On July 9, 2014, Plaintiff filed a Motion for Entry of Default.[2] (Doc. No. 9.) The Clerk of Court entered default against Green Tree and Bank of America on July 10, 2014. (Doc. No. 10.)

Plaintiff filed his first Motion for Default Judgment, which seeks default judgment against both Green Tree and Bank of America, on July 18, 2014. (*See* 1st Mot. Default J.) Plaintiff filed his Second Motion for Default Judgment, which seeks default against Bank of America only, on August 11, 2014. (*See* 2nd Mot. Default.)

---

That motion will be addressed by separate order or recommendation. As such, the court does not address the request for either "summary judgment" or a "cease and desist order" contained in the title of Plaintiff's Motion to Strike.

[2] Plaintiff previously filed a Motion for Default/Summary Judgment on July 3, 2014. (Doc. No. 7.) However, the Clerk of Court declined to enter default against Defendants pursuant to this motion because the requirements of Fed. R. Civ. P. 55 had not been met. (*See* Doc. No. 8.)

Green Tree filed its Motion to Set Aside Default Judgment on August 6, 2014.  (*See* Mot. Set Aside Default.)  Plaintiff filed a Response on August 11, 2014.  (Doc. No. 15 [Resp. Green Tree Mot. Set Aside Default].)  Green Tree did not file a reply.

On August 20, 2014, Bank of America filed a Motion to Quash Service of Process.  (Doc. No. 19.)  On November 18, 2014, the court denied Bank of America's Motion to Quash, finding that Plaintiff had set forth *prima facie* evidence of service, which Bank of America failed to rebut by strong and clear evidence.  (Order, Doc. No. 25.)

Six days later, Bank of America filed its Answer. (Doc. No. 26, filed November 24, 2014 [BOA Answer]) and then moved for a 21-day extension of time to respond to Plaintiff's First Motion for Default Judgment on December 1, 2014 (Doc. No. 27.)  The court granted this extension of time on December 3, 2014 (Minute Order, Doc. No. 31.)  After receiving a second extension of time (Minute Order, Doc. No. 38), Bank of America filed its "Response to Motion for Default Judgment and Request to Set Aside Entry of Default" on January 5, 2015.  (Doc. No. 39 [Resp. to Pltf's Mots. for Default J].)[3]  Plaintiff filed his "Response [sic] to Bank of America N.A. [sic] Response to Motion for Default Judgment and Set Aside Default Judgment" on January 7, 2015.  (Doc. No. 40 [Reply Mots. Default J.])

Plaintiff filed his Motion to Strike Bank of America's Answer on December 2, 2014.  (Doc. No. 28.)  After receiving an extension of time (*see* Minute Order, Doc. No. 38), Bank of

---

[3] Bank of America's Response does not specify whether it is responsive to Plaintiff's First or Second Motion for Default Judgment, or both.  The court assumes Bank of America intended to respond to both motions.

America filed a Response to the Motion to Strike on January 9, 2015.  (Doc. No. 41.)  Plaintiff did not file a timely reply.

## ANALYSIS

The court addresses Green Tree's Motion to Set Aside Entry of Default and Bank of America's request to set aside the entry of default contained in its Response to Plaintiff's First Motion for Default Judgment.[4]

The Court "may set aside an entry of default for good cause . . . ."  Fed. R. Civ. P. 55(c). "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)."  *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 775 n.6 (10th Cir. 1997).

The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant; (2) whether the plaintiff would be prejudiced if the default should be set aside; and (3) whether the defendant presents a meritorious defense.  *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x. 744, 750 (10th Cir. 2009) (citation omitted); *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995) (citation omitted).  The court need not consider each of these factors and may consider other factors as well.  *Guttman v. Silverberg*, 167 F.App'x 1, 4 (10th Cir. 2005) (citation omitted).

---

[4] Bank of America's request to set aside the default entered against it is contained in its Response to Plaintiff's Motions for Default Judgment, rather than in a separate motion.  *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate document.")  However, the court finds that this is not fatal to Bank of America's request to set aside the default as a motion is not a necessary prerequisite to setting aside an entry of default.  *See* Fed. R. Civ. P. 55(c).

Setting aside an entry of default is addressed to the sound discretion of the court. *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir.1987). The court's analysis is guided by the principle that "[t]he preferred disposition of any case is upon its merits and not by default." *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir. 1970).

*A.    Culpable Conduct*

"Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default." *United States v. Timbers Pres., Routt Cnty., Colo.,* 999 F.2d 452, 454 (10th Cir. 1993) (citation omitted) *abrogated on other grounds by Degen v. United States,* 517 U.S. 820, 825 (1996). Conversely, an unintentional or good faith mistake is not considered culpable conduct for the purposes of Rule 55(c). *See id.*; *see also United States v. Signed Pers. Check No. 703 of Yubran S. Mesle,* 615 F.3d 1085, 1092 (9th Cir. 2010) (describing "culpable conduct" as "intentionally" failing to answer, or acting in bad faith in order to take advantage of the opposing party, to interfere with judicial decision-making, or otherwise trying to manipulate the legal process). Further, a party's prompt motion to set aside an entry of default serves to mitigate any culpable conduct that may exist. *Zen & Art of Clients Server Computing, Inc. v. Resource Support Assocs., Inc.,* 06-cv-00239-REB-MEH, 2006 WL 1883173, at *2 (D. Colo. July 7, 2006) (citing *Savin Corp. v. C.M.C. Corp.,* 98 F.R.D. 509, 511 (N.D. Ohio 1983) (finding that a mistaken delay in response was not willful because the defendant "expeditiously moved to remedy his mistake").

### 1.     *Green Tree*

The court finds that the default against Green Tree was not the result of culpable conduct. Ultimately, there appears to have been a mistake regarding who was to appear as Green Tree's counsel in this case. More specifically, at the time Plaintiff's Complaint was filed, the Castle Law Group was representing Green Tree in the underlying foreclosure action referred in a number of filings in this case. (Green Tree Mot. Set Aside Default ¶ 2.) However, at around the same time, the Federal National Mortgage Association ("Fannie Mae") determined that servicers, such as Green Tree, were no longer to use the Castle Group as attorneys in foreclosure matters and transferred the foreclosure case to the Janeway Law Firm, P.C., without any notice to Green Tree and without any direction as to the defense of this action. (*Id.* ¶ 3.) The Janeway Law Firm subsequently determined it could not represent Green Tree in this case due to a conflict of interest arising out of its prior representation of Bank of America. (*Id.* ¶ 4.) Green Tree eventually hired its present counsel, who, upon reviewing the docket, determined that default had already been entered against Green Tree. (*Id.* ¶ 5.)

In his Response to Green Tree's Motion to Set Aside the Entry of Default, Plaintiff argues that the default should not be set aside because Green Tree knew of this lawsuit well before being served. (Resp. Green Tree Mot. Set Aside Default at 1-2.) More specifically, Plaintiff maintains that Green Tree acknowledged this lawsuit in December 2012 and, in May 2014, represented to the Colorado Attorney General's office that it would respond to Plaintiff's concerns in the context of the litigation. (*Id.*) However, while Plaintiff cites to Exhibits A and B

to his Response in support of this argument, neither of these exhibits are actually attached—the Response only includes Exhibit C.

Even if this confusion regarding Green Tree's counsel were not sufficient to establish that Green Tree's failure to respond was not culpable, Green Tree filed its Motion to Set Aside the Entry of Default on August 6, 2014, less than a month, and only 19 business days, after default was entered against it. Although a bit longer than the delay at issue in other cases from this District, the court finds that the delay does not evidence a desire to forestall this action, but instead lends support for Green Tree's contention that is failure to respond was an honest mistake. *Zen & Art of Clients Server Computing, Inc.,* 2006 WL 188173, at *2 (10 day delay suggested that failure to respond was an honest mistake); *Bollacker v. Oxford Collection Agency, Inc.,* No. 07-cv-01730-WDM-MEH, 2007 WL 3274435, at *2 (D. Colo. Nov. 5, 2007) (13 business-day delay supported the defendant's contention that its failure to respond was an honest mistake). *See also Fed. Fruit & Produce Co v. Liborio Markets No. 9, Inc.,* No. 12-cv-1145-WJM-BNB, 2013 WL 4849110, at *2 (D. Colo. Sept. 11, 2013) (Despite a "weak justification" and a two month delay, failure to respond was still not attributable to culpable conduct as defined by Tenth Circuit case law).

Ultimately, in light of its stated excuse for why it did not timely respond to Plaintiff's Complaint and its relatively timely effort to remedy that mistake, the court finds that Green Tree's failure to response did not constitute culpable conduct as defined by Tenth Circuit case law. *See, e.g. Signed Pers. Check No. 730,* 615 F.3d at 1092.

### *2.   Bank of America*

The court finds that the default against Bank of America was not the result of culpable conduct. A number of decisions have found that a party's good faith but mistaken belief regarding procedural questions, such as whether the plaintiff has obtained proper service of process, does not amount to culpable conduct. *See, e.g., Zen & Art of Clients Server Computing, Inc.,* 2006 WL 1883173, at *2 (finding that honest belief that company had not been properly served did not constitute culpable conduct); *Ledbetter v. Kan. Dep't of Soc. & Rehab. Servs.,* No. CIV.A.99-2261-KHV, 2000 WL 206208, at *2 (D. Kan. Jan. 3, 2000) (defendant's failure to file a timely answer was not culpable where it had a good faith belief that it had not been served with process).

Here, Bank of America responded to this lawsuit just over 40 days after the clerk's entry of default by filing its Motion to Quash Service of Process pursuant to Fed. R. Civ. P. 12(b)(5). Although the court denied that motion because Bank of America had not rebutted Plaintiffs *prima facie* showing of service with strong and clear evidence, Bank of America has now tendered additional facts in support of its belief that Plaintiff had not affected proper service. Specifically, Bank of America has tendered an affidavit from Scott Horowitz, Bank of America's Assistant Vice President and Operations Team Manager for its Mortgage Resolution Department stating that (1) the address through which Bank of America was purportedly served does not feature a legal department through which service of process may be accomplished, but instead is merely a banking branch and ATM location; and (2) although Plaintiff purported to have served Gary Fitch at that address, the only Gary Fitch employed by Bank of America is a Senior

financial advisor located at Bank of America's Pittsford, New York office.  (Bank of Am. Resp. Mots. Default J., Ex. A, Affidavit of Scott Horowitz, at 1-2.)  Had Bank of America tendered these facts with its Motion to Quash, the court may well have found that it had not been properly served.

Regardless, in light of these facts, the court finds that Bank of America had a good faith belief that it had not been served.  Further, although Bank of America did not respond to this action until 40 days after the default was entered against it, the fact that Plaintiff may have served an individual not employed by Bank of America's legal department provides an explanation for this delay.

Although Bank of America did not file its Answer until November 24, 2014, more than 90 days after the entry of default, Bank of America was within its rights to await ruling on its Motion to Quash prior to filing a responsive pleading.  *See* Fed. R. Civ. P. 12(a)(4) (serving a motion under Rule 12 extends the period for filing a responsive pleading until 14 days after the court acts on the motion).  Further, although Bank of America did not file its Response to Plaintiff's Motion for Default Judgment and Request to Set Aside the Entry of Default until January 5, 2015, it did so after requesting and receiving extensions of time from District Judge Christine M. Arguello.

Altogether, the court finds that the circumstances, including Bank of America's good faith belief that it had not been served, show that Bank of America's failure to timely respond to this action was not the result of culpable conduct.

### B. *Prejudice*

The court finds that Plaintiff will not suffer any prejudice if entry of default against Green Tree and Bank of America is set aside. Prejudice is established when a plaintiff's ability to pursue his claims has been hindered by, for example, a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment. *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.,* 175 F. App'x 519, 522-243 (3d Cir. 2006). However, "'[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to the plaintiff except to require [him] to prove [his] case.'" *SecurityNational Mortg. Co. v. Head,* No. 13-cv-03020-PAB-BNB, 2014 WL 4627483, at *4 (D. Colo. Sept. 15, 2014) (quoting *Lacy v. Sitel Corp.,* 227 F.3d 290, 293 (5th Cir. 2000)).

Here, Plaintiff has not identified any prejudice that he will face if the entry of default is set aside. (*See* Resp. Green Tree Mot. Set Aside Default; Reply 1st Mot. Default J.) The court acknowledges that there appear to be ongoing foreclosure proceedings with respect to Plaintiff's home. However, the court likely has no authority to enjoin or otherwise impact those proceedings through this action. *See* 28 U.S.C. § 2283 (Anti-Injunction Act providing that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); *Younger v. Harris,* 401 U.S. 37 (1971) *accord Crown Point I, LLC v. Intermountain Rural Elec. Ass'n,* 319 F.3d 1211, 1215 (10th Cir. 2003) (court must abstain from hearing an action where there is an ongoing state, criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims in

the federal complaint, and (3) the state proceeding involves important state interests). Ultimately, the court finds that setting aside the entry of default would have no adverse effect on Plaintiff other than requiring that he prove his claims against Defendants.

C.     *Meritorious Defense*

As to the third "good cause" factor, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense in the action." *In re Stone,* 588 F.2d 1316, 1319 (10th Cir. 1978). A defendant must provide "a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were to be believed, would be a meritorious defense." *Id.* A defendant is not required to "demonstrate a likelihood of success on the merits." *Coon v. Grenier,* 867 F.2d 73, 77 (1st Cir. 1989).

Neither defendant has demonstrated the existence of a meritorious defense. First, Green Tree only maintains, in a largely conclusory manner, that

> [n]umerous legal defenses exist to many of the allegations, including but not limited to, the inappropriateness of the application of many of the laws cited by Plaintiff, including, but not limited to the supposed right of rescission exercised by Plaintiff, the applicability of previous settlements by Bank of America with the Department of Justice, etc.

(Green Tree Mot. Set Aside Default ¶ 8.A.)[5] Similarly, in its Response to Plaintiff's First Motion for Default Judgment, Bank of America merely argues that it intends to file a motion for judgment on the pleadings in light of the facial defects in the Complaint. (Resp. 1st Mot. Default

---

[5] Green Tree also calls into question without any real elaboration whether it can be held liable for the previous allegedly tortious actions of Bank of America, if any. (*Id.* ¶ 8.A.)

J. at 3.) Although Bank of America has also filed an answer, it only generally denies the allegations of Plaintiff's Complaint, without any factual support.[6] (*See* Bank of Am. Answer.)

Nevertheless, because the court finds that two of the three factors weigh in favor of setting aside the entry of default, and considering the ambiguity of the Complaint, *see* footnote 6, *supra,* the court need not conclusively resolve the third "good cause" factor. *Apex Mobility Transp., LLC v. First Transit, Inc.,* No. 14-cv-02645-REB-MEH, 2015 WL 59255, at *3 (D. Colo. Jan. 2, 2015). Instead, in light of the judicial preference against default judgments, *Gomes,* 420 F.2d at 1366, the court will set aside the Clerk's entry of default. Further, because Plaintiff's First and Second Motions for Default Judgment and Plaintiff's Motion to Strike Bank of America's Answer necessarily rely on the entry of default, those motions will be denied as moot.

Therefore, for the foregoing reasons, it is

ORDERED that Green Tree's "Amended Motion to Set Aside Entry of Default and for an Extension of Time to Respond to Complaint" (Doc. No. 14) and the "Request to Set Aside Entry of Default" contained in Bank of America's Response to Plaintiff's Motions for Default Judgment are GRANTED. The default entered against Bank of America and Green Tree is VACATED. Bank of America's Answer to Complaint is ACCEPTED as filed. Green Tree shall answer or otherwise respond to Plaintiff's Complaint no later than March 12, 2015. It is further

---

[6] The court does note that Plaintiff's Complaint is far from a model of clarity. It is not entirely clear from the Complaint what particular statute or other legal authority provides the basis for his claims. Instead, Plaintiff has commingled a number of factual allegations with various legal authorities. The Complaint's lack of clarity lends further support for the court's ultimate decision to set aside the entry of default as Defendant's should be allow to test the sufficiency of Plaintiff's Complaint, rather than be subject to a judgment by default.

ORDERED that Plaintiff's First and Second Motions for Default Judgment (Doc. Nos. 11 & 16) and Plaintiff's Motion to Strike Defendant Bank of America's Answer (Doc. No. 28) are DENIED as moot.

Dated this 26th day of February, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge