IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01578–CMA–KMT

KENNETH R. DAVIDSON,

    Plaintiff,

v.

BANK OF AMERICA N.A., and
GREEN TREE SERVICING LLC,

    Defendants.

---

# ORDER

---

This case comes before the court on Plaintiff's "Request for Cease and Desist Order Against Greentree Servicing, LLC with Prejudice in Regards to Rule 120 Hearing 2013CV03922" (Doc. No. 29, filed Dec. 2, 2014) and "<u>Ex Parte</u> Motion for a Temporary Restraining Order and Preliminary Injunction with Asset Freeze and Permanent Injunction Against Green Tree Servicing LLC to Enjoin their Efforts to Profit from Foreclosure Sale and Dispose of Evidence with the Sale of 10067 Broome Way, Highlands Ranch CO" (Doc. No. 42, filed Jan. 26, 2015).[1]  After receiving an extension of time, Defendant Green Tree Servicing LLC ("Green Tree") filed a Response on May 29, 2015.  (Doc. No. 61).  Having also received an

---

[1] The court previously denied the later-filed motion to the extent it sought an *ex parte* temporary restraining order.  (Order, Doc. No. 46.)

extension of time, Plaintiff filed his Reply on July 3, 2015.  (Doc. No. 74.)  Accordingly, this matter is ripe for resolution.

Both of Plaintiff's Motions seek a preliminary injunction enjoining Green Tree from foreclosing on Plaintiff's home.  To be entitled to a preliminary injunction, a movant must show: (1) a substantial likelihood that the movant will prevail eventually on the merits; (2) that the movant will suffer imminent and irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (4) that the injunction, if issued, would not be adverse to the public interest.  *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

The court finds that Plaintiff has not shown that he will suffer imminent and irreparable harm if a preliminary injunction is not issued.  *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (threat of irreparable harm must be imminent).  Although the state court entered an order authorizing the sale of Plaintiff's home (Resp., Ex. H), Green Tree has since recorded a Withdrawal of Notice of Election and Demand for Sale (*id.,* Ex. I.)  This withdrawal terminated the foreclosure proceedings.  Colo. Rev. Stat. § 38-38-109(3)(a) (filing of a withdrawal of the notice of election and demand terminates the foreclosure proceedings).  As such, there are no ongoing foreclosure proceedings for the court to enjoin.  *Frias v. Assets Foreclosure Servs., Inc.,* 957 F. Supp. 2d 1264, 1270 (W.D. Wash. 2013) (where there is no sale or other foreclosure proceedings pending, there is nothing to enjoin and request for preliminary injunction is moot); *cf. Williams v. BAC Home Loans Servicing,* No. 10-cv-01805-MSK, 2010 WL 3025553, at *2 (D. Colo. July 30, 2010) (despite statement from defendant to plaintiff that

"a [foreclosure] sale is imminent," irreparable injury element was not met because there were no specific allegations as to the commencement of foreclosure proceedings or a date on which the foreclosure sale, if any, was scheduled).

Plaintiff appears to argue in his Reply that there is still a "credible threat" that Green Tree might reinitiate foreclosure proceedings at any time prior to the conclusion of this action. (*See* Reply at 10.) However, even assuming that Green Tree is likely to do so, which the court finds dubious, there is no reason why Plaintiff could not refile a motion for preliminary injunction at that time.

Therefore, it is

ORDERED that Plaintiff's "Request for Cease and Desist Order Against Greentree Servicing, LLC with Prejudice in Regards to Rule 120 Hearing 2013CV03922" (Doc. No. 29) and "Ex Parte Motion for a Temporary Restraining Order and Preliminary Injunction with Asset Freeze and Permanent Injunction Against Green Tree Servicing LLC to Enjoin their Efforts to Profit from Foreclosure Sale and Dispose of Evidence with the Sale of 10067 Broome Way, Highlands Ranch CO" (Doc. No. 42) are DENIED without prejudice as moot.

Dated this 20th day of July, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge