IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01578–CMA–KMT

KENNETH R. DAVIDSON,

      Plaintiff,

v.

BANK OF AMERICA N.A., and
GREEN TREE SERVICING LLC,

      Defendants.

## ORDER

This matter comes before the court on Plaintiff's "Motion for Leave to Amend Complaint" (Doc. No. 63, filed June 12, 2015), as well as Defendant Green Tree Servicing LLC's ("Green Tree") "Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(6)" (Doc. No. 48, filed Mar. 12, 2015). Plaintiff seeks leave to file a proposed Amended Complaint (Doc. No. 69) that clarifies the bases for his claims. Defendants did not respond to the Motion to Amend. For the following reasons, Plaintiff's Motion to Amend is GRANTED.

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Defendants have not opposed Plaintiff's Motion to Amend.  As such, the court finds there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.  Therefore, it is

ORDERED that Plaintiff's "Motion for Leave to Amend Complaint" (Doc. No. 63) is GRANTED.  The Clerk of Court is directed to file Plaintiff's Amended Complaint (Doc. No. 69) and the exhibits attached thereto.

It is further

ORDERED that Green Tree's "Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(6)" (Doc. No. 48) is DENIED as moot as it is now directed at an inoperative pleading.

Dated this 24th day of July, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge