**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-01578-CMA-KMT

KENNETH R. DAVIDSON,

      Plaintiff,

v.

BANK OF AMERICA, N.A., and
GREEN TREE SERVICING, LLC,

      Defendants.

---

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S FEBRUARY 1, 2016
RECOMMENDATION (DOC. # 127)**

---

Currently before the Court is Magistrate Judge Kathleen Tafoya's February 1, 2016 recommendation to: (1) grant Defendant Green Tree Servicing, LLC's motion to dismiss (Doc. # 83); (2) grant Defendant Bank of America, N.A.'s motion to dismiss (Doc. # 92); (3) deny Plaintiff Kenneth R. Davidson's motion for leave to file a third amended complaint (Doc. # 109); and (4) deny Plaintiff's motion for a temporary restraining order/permanent injunction (Doc. # 122).  (Doc. # 127.)  Plaintiff filed an objection to Magistrate Judge Tafoya's recommendation on February 15, 2016 (Doc. # 131), and Defendant Green Tree filed a response to that objection on March 3, 2016 (Doc. # 132).  For the reasons set forth below, the Court accepts the magistrate judge's recommendations.

## I.   <u>BACKGROUND</u>

Plaintiff, proceeding pro se, challenges the foreclosure on his residential property located in Littleton, Colorado.  (Doc. # 127 at 2.)  Magistrate Judge Tafoya's recommendation sets forth in detail the underlying facts, which are incorporated herein by reference.  (Doc. # 127 at 2-4.)

### A.   **Defendants' Motions to Dismiss (Doc. ## 83, 92)**

In his complaint, Plaintiff asserts the following causes of action: (1) breach of contract; (2) breach of the implied duty of good faith and fair dealing; (3) wrongful foreclosure; (4) a constitutional challenge to Colorado's foreclosure procedure; and (5) intentional infliction of emotional distress.  (Doc. # 127 at 4.)  Both Bank of America and Green Tree moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. ## 83, 92.)

Magistrate Judge Tafoya recommended the dismissal of Plaintiff's breach of contract and breach of the implied duty of good faith and fair dealing claims against Green Tree because Plaintiff fails to allege the existence of a contract between himself and Green Tree.  (Doc. # 127 at 7.)  Magistrate Judge Tafoya based this conclusion on Plaintiff's own contention that "the Note supporting Green Tree's foreclosure actions was voided, *via* his Notice of Right to Cancel, prior to its transfer from [Bank of America] to Green Tree."  (Doc. # 127 at 7.)

Because Plaintiff's contention that he "voided the Note" forms the basis of several of his claims for relief, Magistrate Judge Tafoya's recommendation analyzed that contention in greater detail.  (Doc. # 127 at 7.)  Magistrate Judge Tafoya concluded

that the "right to rescind" provision in the Truth in Lending Act is not applicable here because the right to rescind "does not apply to . . . a residential mortgage transaction." 15 U.S.C. § 1635(e)(1).  Magistrate Judge Tafoya also concluded, in the alternative, that even if the rescission provision did apply, Plaintiff's invocation of that provision was untimely because it occurred more than three years after the execution of the underlying note.  (Doc. # 127 at 8-9.)  Lastly, Magistrate Judge Tafoya concluded that, even if the provision did apply and Plaintiff's invocation of it was timely, Plaintiff's unilateral notice "does not automatically void the loan contract."  (Doc. # 127 at 9.)  Based on this analysis, Magistrate Judge Tafoya found that "Plaintiff's contract claims against either Green Tree or [Bank of America] based on an argument that he unilaterally voided the Note [are] without merit."  (Doc. # 127 at 9.)

Magistrate Judge Tafoya also found that Plaintiff's contract claims against Bank of America are barred by the three-year statute of limitations set forth in Colo. Rev. Stat. § 13-80-101(1)(a).  (Doc. # 127 at 13.)  Magistrate Judge Tafoya based this conclusion on her finding that Plaintiff was aware of the alleged facts giving rise to his claims "by, at the very latest, March 2011."  (Doc. # 127 at 13.)  Thus, Plaintiff's contract claims against Bank of America are untimely because they were not filed until June 4, 2014. (Doc. # 127 at 13.)  Magistrate Judge Tafoya rejected the application of the "continuing violation" doctrine on the ground that, in Colorado, such doctrine applies only in employment discrimination cases.  (Doc. # 127 at 15.)

With regard to Plaintiff's wrongful foreclosure claim, Magistrate Judge Tafoya first noted that "Colorado does not recognize a claim for damages based on wrongful

foreclosure" and, even if it did, "it would be barred by the economic loss rule." (Doc. #
127 at 16.) Magistrate Judge Tafoya also found that, to the extent that Plaintiff argues
that both Green Tree and Bank of America lacked standing to initiate foreclosure
proceedings, his claim fails as a matter of law. (Doc. # 127 at 16.) This is because,
"[b]ased on the record, it does not appear that [Bank of America] ever initiated a
foreclosure action against Plaintiff." (Doc. # 127 at 16.) In addition, Plaintiff's argument
that Green Tree did not pay sufficient consideration for the note fails because, as a non-
party to that transaction, "[Plaintiff] is barred from attacking it collaterally." (Doc. # 127
at 16.) Magistrate Judge Tafoya also found that, contrary to Plaintiff's contention,
"Colorado law does not require production of the original promissory note to initiate or
complete a non-judicial foreclosure proceeding[ ]." (Doc. # 127 at 17.)

With regard to Plaintiff's constitutional challenge, Magistrate Judge Tafoya found
that Plaintiff's claim should be dismissed because "the constitutionality of Colorado's
foreclosure procedures has already been fully considered and upheld by this court, as
well as the Tenth Circuit Court of Appeals." (Doc. # 127 at 18 (citing *Mbaku v. Bank of
Am.*, No. 12-cv-00190, 2014 WL 4099313, at *3-9 (D. Colo. Aug. 20, 2014), *aff'd by
Mbaku v. Bank of Am.*, __ F. App'x. __, 2015 WL 3651596, at *2-4 (10th Cir. 2015)).)

Lastly, Magistrate Judge Tafoya found that Plaintiff failed to state a claim for
intentional infliction of emotional distress because his "allegations that the underlying
events related to the foreclosure actions have caused him emotional distress are
insufficient to state a claim for intentional infliction of emotion distress." (Doc. # 127 at
19-20.)

The Court notes that Magistrate Judge Tafoya also addressed in her recommendation the fact that, throughout his filings, Plaintiff "attempts to rely on consent orders entered in other courts between Defendants and third-parties, generally federal agencies/entities, as support for various allegations." (Doc. # 127 at 20.) Magistrate Judge Tafoya found that such reliance was misplaced because the consent orders "do not provide Plaintiff with causes of action or a third-party right to enforce." (Doc. # 127 at 21-22.)

### B.      Plaintiff's Motion to Amend (Doc. # 109)

Also referred to Magistrate Judge Tafoya was Plaintiff's motion for leave to file a third amended complaint. (Doc. # 109.) According to Magistrate Judge Tafoya, Plaintiff seeks to amend his complaint "in order to assert additional breach of contract claims, claims based upon the above-referenced Consent Orders, and additional claims arising from his contention that he voided the Note in March 2011." (Doc. 127 at 22.) Magistrate Judge Tafoya found that the proposed amending of Plaintiff's complaint would be futile because: (1) any additional contract claims would be barred by the statute of limitations; (2) the consent orders do not provide Plaintiff with a cause of action or other enforceable right; and (3) Plaintiff's belief that he unilaterally cancelled his mortgage note is inaccurate. (Doc. # 127 at 23.) Therefore, Magistrate Judge Tafoya recommended that the Court deny Plaintiff's motion to amend.

### C.      Plaintiff's Motion for a TRO/Permanent Injunction (Doc. # 122)

Lastly, Magistrate Judge Tafoya recommended that the Court deny Plaintiff's motion for a temporary restraining order/permanent injunction because Plaintiff cannot

5

establish a substantial likelihood of success on the merits.  (Doc. # 127 at 24-25.)  In

support, Magistrate Judge Tafoya cited her previous recommendations that the Court

grant Defendants' motions to dismiss and deny Plaintiff's motion to amend.  (Doc. # 127

at 24-25.)

## II.    ANALYSIS

Pursuant to Federal Rule of Civil Procedure 72, "[t]he district judge must

determine de novo any part of the magistrate judge's [recommended] disposition that

has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  The district judge may then

"accept, reject, or modify the recommended disposition; receive further evidence; or

return the matter to the magistrate judge with instruction.  *Id*.

As an initial matter, the Court notes that the first 11 pages of Plaintiff's objection

consist entirely of incorrect assertions regarding the law and how case law is used by

the courts.  For example, Plaintiff states: "[Magistrate Judge Tafoya's] comment[ ]

***'conclusory allegations without supporting factual averments are insufficient to***

***state a claim upon which relief can be based'*** is questioned as improper and without

merit."  (Doc. # 131 at 10.)  Contrary to Plaintiff's argument, this is a correct and proper

statement of the law.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff does not even attempt to demonstrate how this statement of the law is either

"improper" or "without merit."  In addition, Plaintiff objects to Magistrate Judge Tafoya's

citation to certain cases for general statements of the law by identifying factual

differences between those cases and the matter at hand.  (Doc. # 131 at 12 ("This case

[*S. Disposal, Inc. v. Texas Waste Mgmt.*, 161 F.3d 1259 (10th Cir. 1998)] has to do with

an antitrust suit in which there is an argument over the granting of a service contract

being given to an in state company.  This argument is about antitrust lawsuit and the

conclusory claims which were denied in this case have nothing to do with this case.").)

The Court appreciates that Plaintiff is proceeding pro se, but what he fails to understand

is that prior cases are frequently cited by other courts for general statements of the law

in a particular jurisdiction.  This is an entirely proper and acceptable practice, and it is

not a basis on which to reject Magistrate Judge Tafoya's recommendation.

### A.    Defendants' Motions to Dismiss (Doc. ## 83, 92)

In his objection, Plaintiff does not challenge Magistrate Judge Tafoya's finding

that his contract claims against Green Tree should be dismissed because he fails to

allege the existence of a contract between himself and Green Tree.  Thus, this finding

will not be reviewed by this Court.

Plaintiff does object, however, to Magistrate Judge Tafoya's finding that the "right

to rescind" provision in the Truth in Lending Act is not applicable here because it does

not apply to residential mortgage transactions.  Plaintiff argues that 15 U.S.C. § 1602(x),

which defines "residential mortgage transaction," is "specific to construction loans and

does not apply to this Plaintiff's case."  (Doc. # 131 at 16-17.)  This Court disagrees.  15

U.S.C. § 1602(x) clearly defines "residential mortgage transaction" as including

transactions in which a "mortgage, deed of trust, purchase money security interest

arising under an installment sales contract, or equivalent consensual security interest is

created or retained against the consumer's dwelling to finance the acquisition of such

dwelling."  Thus, Plaintiff is mistaken in his belief that the exclusion from the "right to

rescind" provision is limited "to someone owning a piece of property and getting a construction loan to build." (Doc. # 131 at 17.) The statute is clear that residential mortgage transactions, like the one at issue in this case, are exempt from the "right to rescind" provision in the Truth in Lending Act.

Plaintiff also challenges Magistrate Judge Tafoya's alternative conclusion that, even if the "right to rescind" provision does apply, Plaintiff's invocation of that provision was untimely because it occurred more than three years after the execution of the underlying note. In support of his argument, Plaintiff cites subsections (f)(2) and (f)(3), but fails to demonstrate how those provisions apply in this case. Plaintiff does not allege, and the record does not show, that "any agency empowered to enforce the provisions of this subchapter institute[d] a proceeding to enforce the provisions of this section within three years after the date of consummation of the transaction." 15 U.S.C. § 1635(f). Plaintiff also states: "Statute of Limitation is also support as relevant and proper [sic] within 15 U.S.C. § 1635(i)(2)[.] Consent Order 12-0361 also has exception terms which extend the Statute of Limitations until April 2016. FIRREA [the Financial Institutions Reform, Recovery, and Enforcement Act] extends the Statute of Limitations for 10 years for discrepancies on loans as well." (Doc. # 131 at 16.) Plaintiff's argument fails, however, because Plaintiff does not demonstrate, and the Court does not find, that the cited materials apply in the present matter. Lastly, Plaintiff does not challenge Magistrate Judge Tafoya's alternative finding that, even if the "right to rescind" provision does apply and Plaintiff's invocation of it was timely, Plaintiff's unilateral notice does not automatically void the loan contract. Nor does Plaintiff

challenge Magistrate Judge Tafoya's observation that, when a consumer properly exercises the right to rescind, he or she must return the amount of money loaned to him or her via the mortgage.  Plaintiff does not allege that he has or is willing to return the money loaned to him.  Thus, for a multitude of reasons, Plaintiff is unable to rely on the "right to rescind" provision.

Plaintiff objects to Magistrate Judge Tafoya's finding that Plaintiff's contract claims against Bank of America are barred by the three-year statute of limitations set forth in Colo. Rev. Stat. § 13-80-101(1)(a) arguing that he "pursued his claims of breach of contract with qualified written responses to Bank of America within months of the wrongful actions in 2009." (Doc. # 131 at 22.)  Plaintiff also sets forth other contacts that he had with Bank of America or its attorneys in 2009 and 2010.  (Doc. # 131 at 22.) Plaintiff also "disputes [Magistrate Judge Tafoya's] statement *'Plaintiff did not initiate this action until June 4, 2014, more than three years after the claims accrued'* as invalid and an improper premise to build an argument or defense for any action of this Court." (Doc. # 131 at 22.)  Plaintiff's arguments are unavailing.  The statute makes clear that a civil action must be commenced within the time limit prescribed.  "Qualified written responses" or other contacts do not substitute for the commencement of a civil action.  In addition, Plaintiff fails to explain why the factual observation that he did not initiate this action until June 4, 2014, is an "invalid" or "improper" premise.  This is simply a correct factual assertion.

With regard to Plaintiff's wrongful foreclosure claim, Plaintiff does not challenge Magistrate Judge Tafoya's statement that Colorado does not recognize a claim for

damages based on wrongful foreclosure and, even if it did, it would be barred by the economic loss rule.  With regard to Magistrate Judge Tafoya's rejection of Plaintiff's wrongful foreclosure claim as to Bank of America because there was no evidence that Bank of America ever initiated a foreclosure action, Plaintiff asserts that "Bank of America initiated a foreclosure in October 2010 with case #2010cv119."  (Doc. # 131 at 25.)  However, Plaintiff does not provide any additional information, and the Court finds no support in the record for this assertion.  The Court notes that the only foreclosure proceeding identified by Magistrate Judge Tafoya is Green Tree's Rule 120 foreclosure action that was initiated in October 2013.  (Doc. # 127 at 3.)  Thus, Plaintiff fails to show that he can assert a wrongful foreclosure claim against Bank of America.

With regard to Magistrate Judge Tafoya's dismissal of Plaintiff's wrongful foreclosure claim against Green Tree because Plaintiff cannot challenge the amount of consideration Green Tree paid Bank of America for the note, Plaintiff states that he "disputes" this conclusion and states that he "has claims and rights to recoupment per UCC 3-305."  (Doc. # 131 at 25.)  However, Plaintiff fails to provide any additional argument specifying the alleged claims and rights to which he is referring.

With regard to Magistrate Judge Tafoya's statement that the constitutionality of Colorado's foreclosure procedure has already been upheld, Plaintiff argues that, "[u]nlike [*Mbaku*] or any of the other cases, Bank of America committed a total breach of contract in which this Plaintiff could not perform his contractual duties and breached the terms of the Deed of Trust."  (Doc. # 131 at 26.)  Plaintiff's argument fails because the alleged distinction between the facts of *Mbaku* and the facts of the present matter does

not contradict the fact that Colorado's foreclosure procedure has been found constitutional.

Lastly, with regard to Magistrate Judge Tafoya's finding that Plaintiff fails to state a claim for intentional infliction of emotion distress, Plaintiff reiterates the difficulties that he has allegedly experienced as a result of Bank of America and Green Tree's alleged misconduct.  For example, Plaintiff states that that "Bank of America has put [Plaintiff] through a battle of attrition with [his] health, emotions, family life for over 6 years."  (Doc. # 131 at 27-28.)  Although the Court understands that Plaintiff alleges that he has gone through a difficult experience, under Colorado law, a claim of intentional infliction of emotional distress "requires conduct that is so outrageous and extreme as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society." *Katz v. City of Aurora*, 85 F. Supp. 2d 1012, 1020 (D. Colo. Feb. 18, 2000).  Plaintiff has simply not alleged conduct on the part of Bank of America or Green Tree that meets this high standard.

**B.     Plaintiff's Motion to Amend (Doc. # 109)**

Plaintiff fails to present a cogent argument as to why his third amendment complaint would not be subject to dismissal.  Plaintiff simply states that he "believe[s] this third complaint to be appropriate and relevant" and that he has "identified additional causes of action which have merit and [are] supported by statutes and case study." (Doc. # 131 at 29.)  Plaintiff fails to show why this Court should not accept Magistrate Judge Tafoya's recommendation that his motion to amend be denied as futile.

**C.     Plaintiff's Motion for a TRO/Permanent Injunction (Doc. # 122)**

Lastly, Plaintiff appears to object to Magistrate Judge Tafoya's recommendation that his motion for a temporary restraining order/permanent injunction be denied based on an inability to show a substantial likelihood of success on the merits.  Because the Court accepts Magistrate Judge Tafoya's recommendation that Defendants' motions to dismiss be granted, the Court agrees that Plaintiff cannot show a substantial likelihood of success on the merits.

## III.     CONCLUSION

For the foregoing reasons, the Court ACCEPTS the February 1, 2016 recommendation of Magistrate Judge Tafoya (Doc. # 127).  Thus, it is hereby

ORDERED that Defendant Green Tree's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 83) is GRANTED; it is

FURTHER ORDERED that Defendant Bank of America's Motion to Dismiss Plaintiff's Amended Complain (Doc. # 92) is GRANTED; it is

FURTHER ORDERED that Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. # 109) is DENIED as futile; it is

FURTHER ORDERED that Plaintiff's Forthwith Motion for TRO/Permanent Injunction (Doc. # 122) is DENIED; and it is

FURTHER ORDERED that this case is DISMISSED in its entirety.

DATED: March 10, 2016                    BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge